IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JORGE A. MAASS,               )
    Plaintiff,             )
                            )        Case No. 1:16-cv-66
    v.                      )
                            )
MICHELLE K. LEE,              )
    Defendant.             )

## MEMORANDUM OPINION

The *pro se* plaintiff, owner of United States Patent No. 8,533,097 ("the '097 patent"), brings this action pursuant to 35 U.S.C. § 154(b)(4)(A), arguing that the United States Patent and Trademark Office ("PTO") awarded him an inadequate patent term adjustment ("PTA") on two grounds. Specifically, plaintiff argues (i) that plaintiff should be awarded credit for time attributable to various delays caused by the PTO during the continued examination of the '097 patent application at plaintiff's request pursuant to 35 U.S.C. § 132(b), and (ii) that the time period resulting from plaintiff's filing of a supplemental amendment at the patent examiner's request should not be characterized as applicant delay. The PTO has filed a motion to dismiss the first of these two grounds for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. As the parties have fully briefed the issue, and oral argument would not aid the decisional process, the matter is now ripe for disposition.

## I.

Before setting forth the pertinent facts, it is useful to describe briefly the relevant statutory context. Pursuant to 35 U.S.C. § 154(a)(2), a patent has a term of twenty years from the patent application's filing date, not the date the patent issues. Thus, because it takes time to process a patent application, the enforceable term for a patent is effectively less than 20 years. In

1

light of this, as the Federal Circuit has noted, "[t]o account for any undue delays in patent examination caused by the PTO, Congress established a system of [PTA] to compensate inventors for lost time on their patent term resulting from such delays." *Pfizer v. Lee*, 811 F.3d 466, 468 (Fed. Cir. 2016). Specifically, as the Federal Circuit in *Pfizer* noted, 35 U.S.C. § 154(b)(1) provides for a patent term adjustment in three circumstances:

> (i) a so-called "A-Delay," pursuant to § 154(b)(1)(A), "award[ing] PTA for delays arising from the [PTO's] failure to act by certain examination deadlines";
>
> (ii) a so-called "B-Delay," pursuant to § 154(b)(1)(B), "award[ing] PTA for an application pendency exceeding three years"; and
>
> (iii) a so-called "C-Delay," pursuant to § 154(b)(1)(C), "award[ing] PTA for delays due to interferences, secrecy orders, and appeals."

*Pfizer*, 811 F.3d at 468. (internal quotation marks and citation omitted). The PTO "calculates PTA by adding A-, B-, and C-Delays, subtracting any overlapping delays, and then subtracting any days attributable to applicant delay." *Id.* at 468-69.

Importantly, when a patent application is rejected, the patent applicant may (i) appeal the final rejection to the Patent Trial and Appeal Board ("PTAB"), 35 U.S.C. § 134(a), or (ii) file a timely request for continued examination, *id.* § 132(b). If the patent applicant chooses to appeal the PTO's final rejection and is successful on appeal, the applicant is entitled to PTA credit for the entirety of the pendency of the appeal, as that time period constitutes "C-Delay." *Id.* § 154(b)(1)(C)(iii). If the patent applicant instead files a request for continued examination, "the [PTO] will withdraw the finality of [the] Office action," and will consider any additional information submitted by the applicant in support of patentability. 37 C.F.R. § 1.114. Importantly, a patent applicant's decision to request continued examination rather than filing a PTAB appeal comes at a cost for the applicant with respect to the PTA calculation. Specifically, although applicants are generally entitled to "B-Delay" for any delay "due to failure of the [PTO]

to issue a patent within 3 years after the actual filing date of the application," *id.* § 154(b)(1)(B), the statute expressly excludes three time periods from the accrual of a B-Delay, one of which is "any time consumed by continued examination of the application requested by the applicant." *Id.* § 154(b)(1)(B)(i).[1] Put simply, a patent applicant will not receive any PTA credit for delay attributable to a request for continued examination.

Once a patent applicant aggrieved by the PTO's PTA decision has exhausted all administrative remedies, an applicant's "exclusive remedy" to challenge a PTA determination is to file "a civil action … in the Eastern District of Virginia." *Id.* § 154(b)(4)(A).

## II.

The pertinent facts may be succinctly stated.[2] Plaintiff Jorge Maass, proceeding *pro se*, is the owner and inventor of the '097 patent entitled Transaction Arbiter System and Method.[3] Plaintiff filed the '097 patent application on July 27, 2005, and the PTO issued the '097 patent on September 10, 2013. Shortly after the '097 patent issued, plaintiff filed various requests for a PTA determination, and on August 14, 2015, the PTO issued a final decision awarding the '097 patent a PTA of 556 days. Specifically, the PTO's calculation included 870 days of A-Delay, 285 days of B-Delay, and 0 days of C-Delay; the calculation also reduced the total of A-, B-, and C-Delay by 599 days to account for applicant delay.

---

[1] The other two categories of delay excluded from the accrual of B-Delay are: (i) "any time consumed by a proceeding under [§] 135(a), any time consumed by the imposition of an order under [§] 181, or any time consumed by appellate review by the [PTO] or a Federal court;" and (ii) "any delay in the processing of the application by the [PTO] requested by the applicant except as permitted by paragraph (3)(C)." *Id.* § 154(b)(1)(B)(ii), (iii).

[2] The facts set forth here are derived from the complaint and are assumed to be true, as is appropriate on a threshold Rule 12, Fed. R. Civ. P., motion to dismiss. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

[3] Plaintiff's complaint does not identify the title of the '097 patent, but it is appropriate to take judicial notice of the '097 patent's title pursuant to Rule 201, Fed. R. Evid.

Thereafter, on January 20, 2016, the *pro se* plaintiff filed a complaint challenging the PTO's PTA calculation on the following two grounds:

> (i) that plaintiff should be awarded 1264 days of B-Delay in addition to the 285 days of B-Delay already awarded to account for time attributable to various delays caused by the PTO during the continued examination of the '097 patent application at plaintiff's request pursuant to 35 U.S.C. § 132(b), and
>
> (ii) that the 599 days of applicant delay discounted from the subtotal of A-, B-, and C-Delay should be reduced by 378 days to account for the time period resulting from plaintiff's filing of a supplemental amendment at the patent examiner's request.

In addition to plaintiff's complaint, plaintiff filed a "Notice of Constitutional Question" asserting that § 154(b) is unconstitutional because it is (i) "impermissibly vague," (ii) "overbroad," and (iii) an "impermissible restriction taking private property for public use with just compensation." *Maass v. Lee*, No 1:16-cv-66 (Mar. 28, 2016) (Doc. 9) (Notice).

Thereafter, the PTO filed a motion to dismiss the first of plaintiff's two challenges to the PTA calculation for failure to state a claim on which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P. The PTO did not move to dismiss plaintiff's second claim. The PTO's motion for partial dismissal also addresses the constitutional arguments plaintiff raised in his Notice of Constitutional Question.

### III.

As the PTO correctly contends, plaintiff's challenge to the PTO's B-Delay calculation must be dismissed because § 154(b)(1)(B)(i) makes clear that, without exception, the calculation of B-Delay does not include "any time consumed by continued examination of the application requested by the applicant under [§] 132(b)." Accordingly, the Federal Circuit has held that B-Delay "should be calculated by determining the length of time between application and patent issuance, then subtracting *any* continued examination time ... and determining the extent to

4

which the result exceeds three years." *Novartis AG v. Lee*, 740 F.3d 593, 601 (Fed. Cir. 2014). This is precisely what the PTO did in this case. Specifically, after determining the amount of time that elapsed between the date plaintiff submitted the '097 patent application and the date the '097 patent issued, the PTO (i) subtracted all the time that resulted from "continued examination of the application requested by the applicant," 35 U.S.C. § 154(b)(1)(B)(i), and (ii) determined the extent to which that subtotal exceeded three years, *see id.* § 154(1)(B). In the end, as result of following the statutory text, the PTO correctly concluded that plaintiff was entitled to 285 days of B-Delay.

In opposition to the conclusion reached here, plaintiff ignores the text of § 154(b)(1)(B), and instead points to § 154(b)(2) in support of his argument that applicants are entitled to receive PTA for time attributable to some continued examination periods. Yet, as the PTO correctly points out, plaintiff simply misunderstands the statutory scheme. As already noted, § 154(b)(1) provides that three types of delay result in an award of PTA. *See id.* § 154(b)(1)(A), (B), (C). Plaintiff is correct that these provisions are "[s]ubject to limitations under [§ 154(b)(2)]." *Id.* Importantly, however, the limitations set forth in § 154(b)(2) provide grounds for *subtracting* time from a PTA calculation, not as plaintiff contends, grounds for *adding* time to a PTA calculation. Specifically, the statute requires the PTO to calculate PTA by first determining A-, B-, and C-Delay pursuant to § 154(b)(1), and then deducting any periods of overlap and any periods attributable to applicant delay pursuant to § 154(b)(2). Again, this is precisely what the PTO did here. Nothing in § 154(b)(2) alters the calculation of B-Delay, including the express instruction that an applicant is not allowed to recover for "any time consumed by continued examination." *Id.* § 154(b)(1)(B). Moreover, contrary to plaintiff's contention, the PTO need not explain why the time attributable to plaintiff's request for continued examination should be

5

counted as an applicant delay. This is so because the PTO did not classify that time as applicant delay, but instead properly excluded it from the PTA calculation pursuant to § 154(b)(1)(B)(i) (expressly excluding from B-Delay "any time consumed by continued examination of the application requested by the applicant"). Thus, plaintiff's argument must be rejected because it is premised on a misunderstanding of the applicant delay provision of § 154(b)(2), when the controlling statutory provision for time attributable to any request for continued examination is § 154(b)(1)(B)(i).

Plaintiff further contends that § 154(b) is unconstitutional because it violates the Fifth Amendment insofar as the statute is impermissibly vague, overboard, and an impermissible taking of private property for public use without just compensation. None of these arguments has merit. To begin with, as the Federal Circuit has explained, the void for vagueness doctrine has no application to § 154(b), as that doctrine "relates to prohibitions, not entitlements," such as the PTA in issue here. *Nyeholt v. Secretary*, 298 F.3d 1350, 1356 (Fed. Cir. 2002). Accordingly, "the [Supreme] Court has steadfastly applied the void for vagueness doctrine only to statutes or regulations that purport to define the lawfulness of conduct or speech." *Id.*[4] In this regard, as another court in this circuit recently noted, "[§] 154 does not prohibit any conduct on the part of a patent applicant or seek to regulate any speech whatsoever; to the contrary, it simply creates a standard that governs whether and in what amount a patentee is entitled to the benefit of PTA,"

---

[4] This is not to say that the void for vagueness doctrine has been applied only to statutes that criminalize some range of conduct or speech; it has also been applied to invalidate statutes that criminalize status. *See, e.g., Lanzetta v. New Jersey*, 306 U.S. 451, 452, 458 (1939) ( striking down as unconstitutionally vague a statute that criminalized the status of being "a gangster" because the statute "condemn[ed] no act or omission"); *see also* Peter W. Low & Joel S. Johnson, *Changing the Vocabulary of the Vagueness Doctrine*, 101 Va. L. Rev. 2051, 2060-64, 2080-83 (2015) (explaining that the vagueness doctrine has been applied to invalidate criminal statutes that define crime on the basis of status rather than conduct).

and therefore "the constitutionally derived 'void for vagueness' doctrine does not apply to [§ 154]." *Singhal v. Lee*, No. 1:12CV708, 2016 WL 1305294, at *2 (E.D. Va. Mar. 28, 2016).

Plaintiff's argument that § 154(b) is overbroad fares no better. Although plaintiff does not specify why he believes the statute is overbroad, he appears to contend that § 154(b)(1)(B) is overbroad inasmuch as it excludes from the B-Delay calculation all delays attributable to continued examination at the patent applicant's request rather than distinguishing between delays during continued examination that are caused by a patent applicant from those caused by the PTO. Put simply, plaintiff contends that § 154(b)(1)(B) is overbroad because that statute casts a wider net than he would prefer. This argument fails because it fundamentally misunderstands the overbreadth doctrine. That doctrine permits parties in the First Amendment context to bring facial challenges to statutes or regulations that govern "a substantial amount of constitutionally protected conduct," *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982), and applies only where there is "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds," *Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 801 (1984).[5] Thus, the overbreadth doctrine is inapplicable here not only because § 154(b) does not raise any First Amendment concerns, but also because § 154(b) does not prohibit or punish any conduct, let alone constitutionally protected conduct.

Plaintiff's argument that the application of § 154(b) amounts to an unconstitutional taking also misses the mark, as the congressional choice not to award B-Delay for time consumed by

---

[5] *See also United States v. Salerno*, 481 U.S. 739, 745 (1987) ("[W]e have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment."); *United States v. Masciandaro*, 648 F. Supp.2d 779, 793 (E.D. Va. 2009) (explaining that "it is debatable whether the facial 'overbreadth' doctrine *ever* extends beyond the First Amendment context").

requests for continued examination is not a taking of property, but rather a decision not to award additional property rights. As the Federal Circuit has made clear, the Takings Clause "contains no requirement that the government give property to individuals." *Georgalis v. PTO*, 296 F. App'x 14, 16 ( Fed. Cir. 2008).[6] Just as Congress is free to set the length of a patent term, it is also free to determine whether and in what amount a patentee is entitled to the benefit of PTA.

In sum, the PTO's motion for partial dismissal must be granted, as there is no statutory or constitutional basis for plaintiff's claim that the PTO erred in its PTA calculation by not awarding plaintiff 1264 additional days of B-Delay for time attributable to various delays caused by the PTO during the continued examination of the '097 patent application at plaintiff's request.

**IV.**

In plaintiff's brief in opposition to the PTO's motion for partial dismissal, plaintiff asserts a new claim that he should be awarded 792 days of PTA due to his *pro se* status. This new claim is not apparent on the face of the complaint, nor was it presented to the agency below. Thus, the claim is not properly presented here. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (" '[C]ourts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice.' ") (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952)). In any event, even assuming, *arguendo*, that plaintiff's claim of 792 additional days of PTA as a result of his *pro se* status is properly presented here, that claim must be dismissed because no statutory provision awards PTA credit as a result of *pro se* status.

---

[6] *See also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 432 (1982) (explaining that a "legislature may elect not to confer a property interest").

8

## V.

The PTO did not move to dismiss plaintiff's second challenge to the PTA calculation, namely that the 599 days of applicant delay discounted from the subtotal of A-, B-, and C-Delay should be reduced by 378 days to account for the time period resulting from plaintiff's filing of a supplemental amendment at the patent examiner's request. Nevertheless, plaintiff contends that the PTO is in default with respect to this claim because the PTO did not address the claim in the PTO's motion to dismiss and did not timely file an answer or motion for an extension of time to answer this claim. Not so. As the PTO correctly notes—and numerous courts have held—the filing of a Rule 12, Fed. R. Civ. P., motion for partial dismissal postpones the deadline for filing an answer to all claims, not just those subject to the motion.[7] This conclusion finds support in the language of Rule 12(a)(4), Fed. R. Civ. P., as that rule alters the time periods in which a response is ordinarily required upon the filing of a motion to dismiss. *Id.*[8] In this regard, the clear consensus among courts is that Rule 12(a)(4) clearly "contemplates that any motion under Rule 12, whether it is to dismiss the entire Complaint or only portions of the Complaint, suspends the time for the moving defendant to respond to the remainder of the Complaint." *Justice v. Dimon*,

---

[7] *See* 5B Wright & Miller, Federal Practice & Procedure: Civil § 1346 at 43 (3d ed. 2005); *see also Ashby v. McKenna*, 331 F.3d 1148, 1151 (10th Cir. 2003); *Northland Ins. Cos. v. Blaylock*, 115 F. Supp.2d 1108, 1115 (D. Minn. 2000); *Harrington v. Sprint Nextel Corp.*, No. 1:08CV336, 2008 WL 2228524, *5 (E.D. Va. May 29, 2008.); *Saman v. LBDP, Inc.*, No. DKC 12-1083, 2012 WL5463031, at *4 n.1 (D. Md. Nov. 7, 2012).

[8] Specifically, Rule 12(a)(4) provides that "unless the court sets a different time, serving a motion under this rule alters these periods as follows":

(A) "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action"; or

(B) "if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served."

Rule 12(a)(4), Fed. R. Civ. P.

3:10CV413, 2011 WL 2183146, at *2 (W.D. N.C. June 6, 2011). Thus, plaintiff's contention that

the PTO is in default with respect to plaintiff's second challenge to the PTA determination fails

because the PTO's motion for partial dismissal postponed the deadline for filing an answer with

respect to all claims in plaintiff's complaint.

## VI.

Accordingly, for the reasons stated here, plaintiff's motion for partial dismissal must be

granted.

An appropriate Order will issue.

Alexandria, Virginia
May 17, 2016

/s/

T. S. Ellis, III
United States District Judge